**PORT ARTHUR INDEPENDENT SCHOOL DISTRICT,**
Appellant,

v.

**PORT ARTHUR TEACHERS ASSOCIATION, Appellee.**

No. 09–97–363 CV.

Court of Appeals of Texas, Beaumont.

Submitted April 22, 1999.

Decided June 10, 1999.

Banker Phares, Rhett B. Phares, Phares, Phares & Bass, Port Arthur, Melody G. Thomas, Wells, Peyton, Greenberg & Hunt, Beaumont, for appellant.

Kevin F. Lungwitz, Texas State Teachers Association, Austin, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

PER CURIAM.

The Port Arthur Teachers Association[1] filed suit on behalf of its members, who are teachers employed by the Port Arthur Independent School District, to compel the school district to pay the teachers for the 1994–1995 school year using the salary schedule approved for the 1993–1994 school year. Both the association and the school district filed motions for summary judgment and the parties signed stipulations of fact. The trial court granted the association's summary judgment as to liability, and awarded the association damages in the amount of $109,726.32, payable to its individual members. The school district raises four points of error.

■ The association challenges our appellate jurisdiction. The trial judge signed the judgment on June 23, 1997. The school district filed its notice of appeal on September 19, 1997. The notice of appeal was timely filed only if the school district's request for findings of fact and conclusions of law extended the time for perfecting the appeal from thirty days to ninety days. TEX.R.APP. P. 26.1 (a)(4).[2] A request for findings of fact and conclusions of law extends the appellate timetable if findings and conclusions are either required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court. *Id.*

The case was submitted on cross motions for summary judgment on liability[3] and a stipulation of facts on damages. "The Parties' Stipulations of Fact Prepared for Motions for Summary Judgment" provided that the stipulated facts could be used for all purposes, that neither party could withdraw from the stipulation or present evidence contradicting or dis-

1. Port Arthur Teachers Association /T.S.T.A./ N.E.A. is the name used by appellee in its pleadings before the trial court and in the final judgment.

2. The association argues the former rules of appellate procedure apply because the appeal should have been perfected by July 23, 1997. We disagree. The amended rules apply fully to any appeal perfected on or after September 1, 1997. *See Order Approving the Texas Rules of Appellate Procedure*, Misc. Docket No. 97–9134 (Tex. Aug. 15, 1997). This appeal was perfected on September 19, 1997. The timeliness of an act done after September 1, 1997, must be determined under the amended rules unless it was determined untimely by written order before September 1, 1997: *Id.*

3. The association's motion for partial summary judgment argued the 1993–1994 salary schedule was the only salary schedule in effect on the date the parties were bound for the 1994–1995 school year, so that principles of contract law and due course of law estopped the school district from later adopting a reduced salary schedule. The school district's motion for summary judgment argued that the school district properly approved the 1994–1995 salary schedule, that as a unit of government it was not subject to the doctrine of equitable estoppel, and that there was no false representation or concealment of any material fact as required for equitable estoppel to apply.

puting the stipulated facts, but that either party could present additional evidence, including testimony, concerning other relevant facts. All other evidence presented to the court was presented through the cross motions for summary judgment. Although the potential existed for the development of fact issues in the case, the case was actually resolved by application of the law to undisputed facts.

■ We have jurisdiction if findings of fact and conclusions of law "could properly be considered" in our review of this appeal. Tex.R.App. P. 26.1 (a)(4). The case was tried to the court on agreed facts following partial summary judgment. Findings of fact and conclusions of law "have no place in a summary judgment proceeding"; therefore, a request for findings of fact and conclusions of law will not extend the timetable for perfecting appeal from a summary judgment. *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994). If part of the judgment is based upon an evidentiary hearing in which the court heard testimony, a request for findings of fact and conclusions of law will extend the appellate timetable. *Awde v. Dabeit*, 938 S.W.2d 31, 33 (Tex.1997). Our jurisdiction depends on whether we may consider findings of fact and conclusions of law in a trial on agreed facts.

■ The school district relies upon the opinion by the Austin Court of Appeals in *Davis v. State*, 904 S.W.2d 946 (Tex.App.— Austin 1995, no writ). *Davis* recognized a request for findings of fact and conclusions of law was unnecessary in a case tried on stipulated facts, but found the request for findings of fact and conclusions of law extended the appellate timetable because "while findings of fact may ordinarily be inappropriate in agreed cases, at times inferential findings beyond the agreed or stipulated facts may be necessarily compelled by the facts as a matter of law." *Id.* at 950. Although no additional evidence was presented and the trial court made no inferential findings, the appellate court held that "since findings of fact and conclu-

sions of law are not always inappropriate, we conclude that a request for such extends the timetable to perfect appeals in all agreed cases." *Id.* at 951. We disagree with the rationale articulated in *Davis*. If no disputed facts are actually presented to the trial court, the court rules as a matter of law regardless of an unrealized potential conflict in the evidence. The distinction, easily discernable from the record, is between a judgment based all or in part on an evidentiary hearing and a judgment in which the trial court ruled as a matter of law. *See Awde*, 938 S.W.2d at 33; *IKB Industries (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441–44 (Tex. 1997).

■ Findings of fact and conclusions of law are inappropriate in a case where judgment must be rendered as a matter of law. *See IKB Industries*, 938 S.W.2d at 442. Where the court rules without determining questions of fact, a request for findings of fact and conclusions of law is neither appropriate nor effective for extending the appellate timetable. *WISD Taxpayers Ass'n v. Waco I.S.D.*, 912 S.W.2d 392, 394 (Tex.App.—Waco 1995, no writ)(dismissal for want of jurisdiction based upon pleadings). In a trial to the trial court under an agreed statement of facts submitted pursuant to Texas Rule of Civil Procedure 263, the only issue on appeal is whether the trial court correctly applied the law to the stipulated facts. *Stewart v. Hardie*, 978 S.W.2d 203, 206 (Tex.App.—Fort Worth 1998, pet. denied). Because judgment is rendered as a matter of law, appellate review is *de novo*. *Id.* There is no place for findings of fact and conclusions of law in cases submitted pursuant to Rule 263. *See Harris County Appraisal Dist. v. Transamerica Container Leasing, Inc.*, 920 S.W.2d 678, 680 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *Sharyland Water Supply Corp. v. Hidalgo County Appraisal Dist.*, 783 S.W.2d 297, 298 (Tex.App.—Corpus Christi 1989), *aff'd. on other grounds*, 804 S.W.2d 894 (Tex.1991). In this case, the

stipulations were not signed and certified by the trial court as required by Rule 263. The same rule applied in Rule 263 cases has been applied in cases where the parties did not follow the technical requirements of Rule 263. *Highlands Ins. Co. v. Kelley–Coppedge, Inc.*, 950 S.W.2d 415, 417–18 (Tex.App.—Fort Worth 1997), *rev'd on other grounds*, 980 S.W.2d 462 (Tex. 1998); *Treviño & Gonzalez Co. v. R.F. Muller Co.*, 949 S.W.2d 39, 41 (Tex.App.—San Antonio 1997, no writ). The appeal is subject to appellate review *de novo* if the record indicates that the trial court heard the case on stipulated facts regardless of compliance with the technical requirements of Rule 263. *Id.* The rationale expressed in *Linwood* applies because this appeal is subject to a *de novo* review, not to a review of the trial court's findings of fact and conclusions of law.

█ Under *Linwood* and Rule 26.1 (a)(4), a request for findings of fact and conclusions of law extends the time for perfecting appeal if findings of fact and conclusions of law may be properly considered by the appellate court. Findings and conclusions are appropriate if there is an evidentiary hearing, and the trial court is called upon to determine questions of fact upon conflicting evidence. But where, as here, the case is tried to the court completely on facts agreed to by the parties and the entire controversy is resolved as a matter of law, the facts are contained in the written stipulations and we do not defer to the trial court's conclusions of law. Although a fertile imagination could conceive of a situation in which a trial court might find inferential facts in a case tried on agreed facts, the record in this appeal does not support such a conclusion. There being no factual controversy for the trial court to resolve in the case, there are no findings of fact for us to review and we must resolve any legal issues *de novo*. The issue decided by the trial court is as much a matter of law as any summary judgment.

The school district's request for findings of fact and conclusions of law did not operate to extend the time for perfecting appeal beyond July 23, 1997. We have no jurisdiction over this appeal. Accordingly, the appeal is dismissed for want of jurisdiction.

APPEAL DISMISSED.