COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-027-CV
 
INTERNATIONAL UNION, UNITED       
           
           
           
           
APPELLANTS
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS
OF AMERICA-UAW, UAW LOCAL 276,
DEBORAH L. BRIGHT, FRANKLIN A.
FERNANDEZ, ET AL.
V.
GENERAL MOTORS CORPORATION       
           
           
           
           
APPELLEES
AND TEXAS WORKFORCE COMMISSION
------------
FROM THE 236
TH DISTRICT COURT OF
TARRANT COUNTY
------------
OPINION
------------
In this appeal, we must decide whether
appellants' request for findings of fact and conclusions of law following
judicial review of an administrative decision by the Texas Workforce Commission
(TWC) based on agreed stipulations extended the deadline for perfecting
appellants' appeal under appellate rule 26.1(a)(4). See Tex. R. App. P.
26.1(a)(4). Because we conclude that the request for findings of fact and
conclusions of law did not extend the appellate timetable in this case, we will
dismiss the appeal for want of jurisdiction.
On March 5, 1996, Local 696 of the
International United Auto Workers Union (UAW), representing employees in the
General Motors Delphi Chassis Plant in Dayton, Ohio, went on strike, stopping
production of brake components. Thereafter, General Motors Corporation (GMC)
sent home workers in its various automotive assembly plants, including the
Arlington and Fairfax facilities, because of the unavailability of brake parts
normally manufactured at the Delphi plant. The Arlington and Fairfax workers
applied for unemployment benefits in Texas. A TWC appeal tribunal determined
that the workers were disqualified from receiving unemployment benefits under
section 207.048 of the Texas Labor Code because their union dues helped finance
the labor dispute. Tex. Lab. Code Ann. § 207.048 (Vernon 1996). Appellants
appealed this decision to the TWC, which affirmed the appeal tribunal's
decision.
Appellants appealed the TWC's decision to
the trial court. The trial court concluded that the TWC's decision was supported
by substantial evidence and rendered judgment affirming it. The
trial court rendered judgment on November 5, 2001, and appellants requested
findings of fact and conclusions of law on November 26, 2001. The trial court
never filed findings of fact or conclusions of law in response to appellants'
request. On January 24, 2002, appellants filed their notice of appeal.
GMC has moved to dismiss this appeal for
want of jurisdiction. Appellants have not responded to the motion. Generally,
under the rules of appellate procedure, a
notice of appeal must be filed within thirty days after the judgment is signed.
Tex. R. App. P. 26.1(a). If findings and conclusions are required or proper, a
request for them extends the appellate deadline to ninety days after the
judgment is signed. Id.
GMC contends that findings of fact and conclusions of law cannot
properly be considered in this appeal because the case was submitted to the
trial court based on agreed stipulations. Thus, GMC contends that appellants'
request for findings of fact and conclusions of law did not extend the appellate
deadline past thirty days after the trial court signed the judgment. Because
appellants did not file their notice of appeal until eighty days after the
judgment was signed, GMC contends that the appeal is untimely and that we lack
jurisdiction over it.
A request for findings of fact and conclusions of law does not extend the
time for perfecting an appeal from a judgment rendered as a matter of law, where
the findings and conclusions can have no purpose and should not be requested,
made, or considered on appeal. IKB Indus. Ltd. v. Pro-Line Corp., 938
S.W.2d 440, 443 (Tex. 1997). Findings and conclusions are appropriate if there
is an evidentiary hearing and the trial court is called upon to determine
questions of fact based on conflicting evidence. Port Arthur ISD v. Port
Arthur Teachers Ass'n, 990 S.W.2d 955, 958 (Tex. App.--Beaumont 1999, pet.
denied). Where the trial court rules without determining questions of fact,
however, requests for findings of fact and conclusions of law are neither
appropriate nor effective for extending appellate deadlines. WISD Taxpayers
Ass'n v. Waco ISD, 912 S.W.2d 392, 394 (Tex. App.--Waco 1995, no writ); Chavez
v. Housing Auth., 897 S.W.2d 523, 525 (Tex. App.--El Paso 1995, writ
denied) (op. on reh'g), cert. denied, 517 U.S. 1188 (1996).
Judicial review of a TWC decision is by trial de novo. Tex. Lab. Code Ann. §
212.202. The trial court must determine whether there is substantial evidence to
support the TWC's ruling. Mercer v. Ross, 701 S.W.2d 830, 831 (Tex.
1986). This issue is strictly one of law; the administrative agency is the
primary fact-finding body. Firemen's & Policemen's Civil Serv. Comm'n v.
Brinkmeyer, 662 S.W.2d 953, 956 (Tex. 1984). Nonetheless, the trial court
makes its substantial evidence determination based on the evidence admitted at
the trial de novo, not on the record created by the administrative agency. Mercer,
701 S.W.2d at 831.
In this case, the parties submitted the entire case to the trial court
on agreed stipulations. They stipulated that the TWC appeal tribunal's findings
of fact were the undisputed facts concerning the GMC employees' claims for
unemployment benefits. They also stipulated the facts concerning how the GMC
employees' union dues were collected and appropriated and that only the Local
696 union members employed at the Dayton, Ohio facilities actually formed picket
lines and received strike benefits from the UAW. These agreed
stipulations were not signed and certified by the trial court as required by the
Texas Rules of Civil Procedure. See Tex. R. Civ. P. 263.
But where, as here, the record shows that the trial court decided the case based
solely on the stipulated facts, we may treat the case as involving an agreed
statement of facts. Port Arthur ISD, 990 S.W.2d at 957-58;
State Farm Lloyds v. Kessler, 932 S.W.2d 732, 735 (Tex.
App.--Fort Worth 1996, writ denied).
When a case is tried to the court on an agreed statement of facts, the
trial court is not called upon to resolve any disputed factual matters, and no
evidentiary hearing is required. Instead, the trial court simply renders
judgment as a matter of law, based upon the agreed facts. See
Stewart v. Hardie, 978 S.W.2d 203, 206 (Tex. App.--Fort Worth 1998, pet.
denied) (op. on reh'g); State Farm Lloyds, 932 S.W.2d at
735; Harris County Appraisal Dist. v. Transam.
Container Leasing Inc., 920 S.W.2d 678, 680 (Tex. App.--Houston [1st
Dist.] 1995, writ denied) (all holding that sole issue on appeal
from trial on agreed facts is whether trial court properly applied
the law to the agreed facts). Consequently, findings
of fact and conclusions of law have no place in the trial of an agreed case. Port
Arthur ISD, 990 S.W.2d at 957; Perry v. Aetna Life Ins.
Co., 380 S.W.2d 868, 875 (Tex. Civ. App.--Tyler 1964, writ ref'd n.r.e.). But
see Davis v. State, 904 S.W.2d 946, 950-51 (Tex. App.--Austin 1995, no
writ) (holding that findings may be proper in rare instances where inferential
findings beyond the agreed facts may be necessarily compelled by the facts as a
matter of law).
In this case, the trial court did not hold an evidentiary hearing, but
simply rendered judgment based on "the briefs and exhibits, as previously
agreed by the parties." Where judgment is rendered without an evidentiary
hearing, findings of fact and conclusions of law have no purpose, should not be
considered on appeal, and do not extend the thirty-day deadline for perfecting
the appeal. IKB Indus., 938 S.W.2d at 443; see
also Ford ex rel. Williams v. City of Lubbock, 76
S.W.3d 795, 797-98 (Tex. App.--Amarillo 2002, no pet.) (holding that request for
findings of fact and conclusions of law did not extend appellate deadline where
appellee did not contest appellant's statement of facts pertinent to
jurisdiction, and trial court apparently accepted appellant's statement of facts
as true and granted plea to jurisdiction as a matter of law without holding an
evidentiary hearing); Foster v. Williams, 74 S.W.3d 200,
204 (Tex. App.--Texarkana 2002, pet. denied) (holding that request for findings
and conclusions did not extend appellate timetable where trial court determined
from parties' pleadings, after argument, but without hearing any evidence, that
appellant's claim was barred by limitations). Accordingly, we hold
that appellants' request for findings of fact and conclusions of law did not
extend the deadline for perfecting their appeal. Because appellants did not
appeal until eighty days after the judgment was signed, the appeal is untimely,
and we lack jurisdiction over it. We therefore grant GMC's motion to dismiss and
dismiss the appeal for want of jurisdiction.(1)
 
  
                                                                    JOHN
CAYCE
  
                                                                    CHIEF
JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.
[Delivered March 6, 2003]

1. In light of our conclusion, we do not consider whether
a request for findings of fact and conclusions of law extends the appellate
deadline in a substantial evidence review case that is not presented to the
trial court based on agreed facts. See, e.g., Wylie ISD v.
Cent. Educ. Agency, 488 S.W.2d 166, 168 (Tex. Civ. App.--Austin 1972, writ
ref'd n.r.e.) (holding that trial court correctly refused to make fact findings
after judicial review of administrative agency decision because only questions
of law were presented).