02-10-282-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00282-CV

 

 


 
 
 Hussain
 Abdulwahab, Individually and d/b/a Furniture Galaxy and Bazaar
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Sam’s Real Estate
 Business Trust, a Delaware Statutory Trust
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 153rd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          This appeal arises from a judgment that the
trial court rendered after the parties entered into a Mediation Settlement
Agreement (MSA).  The trial court granted appellee Sam’s Real Estate Business
Trust, a Delaware Statutory Trust’s motion to dismiss, which sought enforcement
of the MSA.  We affirm the trial court’s judgment.

Background
Facts

          In February 2007, appellee sued appellant for
breach of a commercial sublease that was related to a building in Grand Prairie.[2] 
Appellee claimed that appellant had breached the agreement by not paying rent
and other costs.  Appellant admitted to entering into the sublease but asserted
that although appellee had represented that it would repair various aspects of
the building, it had not done so.  Thus, appellant counterclaimed for breach of
warranty of suitability, breach of covenant of quiet enjoyment, and deceptive
trade practices.[3]  Appellee answered the
counterclaims, and appellee filed a motion to strike them based on appellant’s
alleged failure to properly answer discovery, a hybrid motion for summary
judgment on the counterclaims, and a no-evidence motion for summary judgment on
appellant’s affirmative defenses.   The trial court granted appellee’s hybrid
motion for summary judgment, ruling that appellee was entitled to judgment as a
matter of law on appellant’s counterclaims.

          The parties then mediated appellee’s breach of
contract claim.  On October 23, 2009, the parties reached an agreement to
settle the case.  The terms of the MSA, in its entirety, are as follows:

            On this the 23th
[sic] day of October 2009, the parties identified below resolved the referenced
matter on the dependent terms outlined below:

          1.  Without
stipulation as to liability, all parties agree to completely release and
discharge any and all claims of any kind, asserted or unasserted, known or
unknown, that were or that could have been joined in the referenced litigation
between these parties.

          . . . .[[4]]

          3.  Counsel
for Plaintiff will prepare formal settlement and dismissal documents.

          By signing
below we acknowledge our understanding of and agreement to the terms outlined
above.

The agreement displays appellant’s signature as well as
the signatures of counsel for both parties.

          The MSA was filed three days later.  In May
2010, seven months after the MSA had been executed, appellee filed a motion to
dismiss all claims, alleging that appellant had refused to sign a formal
settlement document because he was considering filing a lawsuit against the
real estate broker who helped market the property that appellant subleased from
appellee.[5]  The motion to dismiss stated
that appellant had failed to appear for two dismissal hearings scheduled by the
trial court and that the court had “directed” that the motion be filed.  The
motion recited that the formal settlement document that appellant had refused
to sign contained “customary release language” that precluded claims against
agents of either party.[6]  Finally, the motion
informed the trial court that appellant disagreed that claims against the
parties’ agents should be dismissed.

          On May 28, 2010, appellee gave appellant
written notice that the motion to dismiss would be submitted for the trial
court’s consideration on June 7, 2010, without an oral hearing.  Appellant did
not file a response by June 7, and on that date the trial court signed an order
granting the motion and stating that

any and all claims of
any kind, asserted or unasserted, known or unknown, that were or that could
have been joined in this lawsuit, which includes claims against potential
agents of either [appellee] or [appellant] (including real estate brokers), are
released by both [appellee] and [appellant] and discharged with prejudice.

          Two weeks later, appellant requested findings
of fact and conclusions of law.  Appellee objected, arguing that the trial court’s
findings and conclusions would not be proper under the rules of civil procedure
because the court did not hear conflicting evidence on the dismissal motion. 
The trial court agreed with appellee and denied appellant’s request.

          Appellant filed a motion to modify, reform, or
correct the judgment, stating that the MSA settled claims among only the named
parties.  In the motion, appellant represented that he had not withdrawn his
consent to the settlement agreement, but he stated that he never gave consent
to “any settlement extending beyond the named parties.”  The trial court denied
appellant’s motion to reform the judgment, and appellant brought this appeal.

The
Propriety of the Trial Court’s Judgment

          In three issues, appellant contends that the
trial court erred by granting appellee’s motion to dismiss with prejudice,
denying appellant’s request for findings of fact and conclusions of law, and
denying appellant’s motion to modify, reform, or correct the judgment.

The judgment complied with the MSA

          In his first issue, appellant contends that the
trial court erred by signing its June 7, 2010 “Order Granting Motion to Dismiss
All Claims, Asserted and Unasserted, Including Potential Agents, with Prejudice”
because the order does not strictly and literally comply with the MSA and because
the trial court was on notice that he did not consent to a release of claims
against potential agents, including real estate brokers, at the time of the
judgment.  Appellant argues that the trial court altered the express release
language in the MSA and therefore rendered an improper consent judgment, an
improper ruling that appellant had breached the settlement agreement when no
pleading for breach of contract had been filed, or an improper judgment
enforcing a settlement agreement when no motion for enforcement had been filed.

          Texas has a public policy of encouraging the
peaceful resolution of disputes and the early settlement of pending litigation
through voluntary settlement procedures.  Tex. Civ. Prac. & Rem. Code Ann.
§ 154.002 (West 2011); Brooks v.
Brooks, 257 S.W.3d 418, 421 (Tex. App.—Fort Worth 2008, pet. denied). 
Trial and appellate courts are charged with the responsibility of carrying out
this public policy.  Tex. Civ. Prac. & Rem. Code Ann. § 154.003 (West 2011);
Brooks, 257 S.W.3d at 421.

          Appellee argues that the trial court’s
dismissal order was not an agreed order and that it is therefore irrelevant
whether appellant withdrew his consent to the MSA before the entry of the
order.  Written settlement agreements and rule 11 agreements may be enforced as
contracts even if one party withdraws consent before judgment is entered on the
agreement.  Ford Motor Co. v. Castillo, 279 S.W.3d 656, 663 (Tex. 2009);
Padilla v. LaFrance, 907 S.W.2d 454, 461 (Tex. 1995); see Tex.
Civ. Prac. & Rem. Code Ann. § 154.071(a) (West 2011) (“If the parties reach
a settlement and execute a written agreement disposing of the dispute, the
agreement is enforceable in the same manner as any other written contract.”);
Tex. R. Civ. P. 11; City of Roanoke v. Town of Westlake, 111 S.W.3d 617,
626 (Tex. App.—Fort Worth 2003, pet. denied).  When consent is withdrawn, an
agreed judgment based on the settlement agreement is inappropriate; instead,
the party seeking enforcement of the settlement agreement must pursue a claim
for breach of contract.  Ford Motor Co., 279 S.W.3d at 663; Padilla,
907 S.W.2d at 461 (“Although a court cannot render a valid agreed judgment
absent consent at the time it is rendered, this does not preclude the court,
after proper notice and hearing, from enforcing a settlement agreement . . . even
though one side no longer consents to the settlement.”); Alcantar v. Okla.
Nat’l Bank, 47 S.W.3d 815, 819 (Tex. App.—Fort Worth 2001, no pet.).  A
settlement agreement can be enforced as a contract by the trial court only after
proper pleading, notice, hearing, and proof.  Ford, 279 S.W.3d at 663; Padilla,
907 S.W.2d at 462; Neasbitt v. Warren, 105 S.W.3d 113, 117 (Tex.
App.—Fort Worth 2003, no pet.); see also Mantas v. Fifth Court of
Appeals, 925 S.W.2d 656, 658 (Tex. 1996) (orig. proceeding) (“Where the
settlement dispute arises while the trial court has jurisdiction over the
underlying action, a claim to enforce the settlement agreement should, if
possible, be asserted in that court under the original cause number.”).

          Although an amended pleading is one method of
raising a claim that a settlement agreement should be enforced as a contract, we
have held that a motion seeking enforcement of the settlement agreement is a
sufficient pleading to allow a trial court to render judgment enforcing the
settlement because such a motion gives the alleged breaching party an opportunity
to defend itself.  Neasbitt, 105 S.W.3d at 117; see Twist v.
McAllen Nat’l Bank, 248 S.W.3d 351, 361 (Tex. App.—Corpus Christi 2007,
orig. proceeding [mand. denied]) (holding that an oral motion to enforce a
settlement agreement was sufficient because “[a]s long as the motion recites
the terms of the agreement, states that the other party has revoked its
previously stated consent to the agreement, and requests the trial court to
grant relief, the motion is sufficient”); Bayway Servs., Inc. v. Ameri-Build
Constr., L.C., 106 S.W.3d 156, 160 (Tex. App.—Houston [1st Dist.] 2003, no
pet.).  If the motion satisfies the general purposes of pleadings, which is to
give the other party fair notice of the claim and the relief sought, it is
sufficient to allow the trial court to render judgment enforcing the
settlement.  Twist, 248 S.W.3d at 361; Neasbitt, 105 S.W.3d at
117.[7]

          Appellant argues that the trial court erred by
rendering judgment releasing claims against potential agents when the only
pleading pending was a motion to dismiss.[8]  Although appellee’s
motion was labeled as a motion to dismiss, it was essentially a motion to
enforce the MSA because appellee alleged that appellant “refuse[d] to sign a
formal settlement document ‘releas[ing] . . . any and all claims of any kind .
. . that could have been joined in [this] litigation’ as he agreed to do in
[the MSA].”  The motion specifically recited and attached the terms of the MSA
and stated that appellee’s counsel had prepared the formal settlement and dismissal
documents required by the agreement.  The motion further alleged that the
formal settlement documents were forwarded to and approved by appellant’s
counsel but that appellant refused to sign them.  Appellee requested that the
motion to dismiss be set for a hearing with notice to appellant and asked the
trial court to enforce the settlement agreement.[9]  Thus, the motion
contained all of the necessary elements to request enforcement of the MSA.  See Twist,
248 S.W.3d at 361–62; Neasbitt, 105
S.W.3d at 117.

          Furthermore, the trial court correctly enforced
the settlement agreement to preclude claims against third parties that could
have been brought in the litigation between appellee and appellant.  The MSA is
a contract and is therefore governed by the same rules of construction
applicable to all contracts.  See Doe v. Tex. Ass’n of Sch. Bds., Inc., 283
S.W.3d 451, 458 (Tex. App.—Fort Worth 2009, pet. denied).  Thus, in construing
the MSA, our primary concern is ascertaining the true intent of the parties as
expressed in the agreement.  Id. (citing NP Anderson Cotton Exch.,
L.P. v. Potter, 230 S.W.3d 457, 463 (Tex. App.—Fort Worth 2007, no pet.)); see
Republic Nat’l Bank of Dallas v. Nat’l Bankers Life Ins. Co., 427 S.W.2d
76, 79–80 (Tex. Civ. App.—Dallas 1968, writ ref’d n.r.e.) (noting that courts
should not consider the “intention which the parties may have had, but failed
to express in the instrument”).  “Words in a contract must carry their
ordinary, generally accepted meanings unless the contract itself shows that the
terms have been used in a technical or different sense.  In construing a
contract, we may not rewrite it nor add to its language.”  Doe, 283
S.W.3d at 458 (citation omitted).  The interpretation of an unambiguous
contract is a matter of law to be determined by the trial court.  Gulf Ins.
Co. v. Burns Motors, Inc., 22 S.W.3d 417, 423 (Tex. 2000).

          The trial court literally and strictly complied
with the MSA by ordering that it precluded all claims “that were or that could
have been joined in this lawsuit, which includes claims against potential
agents.”[10]  This is precisely what
the MSA required when the parties agreed to “completely release and discharge
any and all claims of any kind, asserted or unasserted, known or unknown, that
were or that could have been joined in the referenced litigation between these
parties.”  Appellant’s interpretation of the MSA, that it releases only claims
that could have been brought between appellant and appellee, is unreasonable
because it would have required the trial court to rewrite the agreement to
state, in effect, that the parties agreed to “completely release and discharge
any and all claims of any kind between these parties, asserted or
unasserted, known or unknown, that were or that could have been joined in the
referenced litigation.”

          Because we hold that the trial court did not
err by granting appellee’s motion to dismiss (of which appellant had notice and
an opportunity to respond) and by strictly enforcing the terms of the MSA, we
overrule appellant’s first issue.  See Neasbitt, 105 S.W.3d at 117–19.

The request for findings of fact and conclusions of law
was inappropriate

          In his second issue, appellant argues that the
trial court erred by refusing to file      findings of fact and conclusions of
law.  “In any case tried in the district or county court without a jury, any
party may request the court to state in writing its findings of fact and
conclusions of law.”  Tex. R. Civ. P. 296.  “Findings and conclusions are
appropriate if there is an evidentiary hearing and the trial court is called
upon to determine questions of fact based on conflicting evidence.”  Int’l
Union, United Auto., Aerospace & Agric. Implement Workers of Am.-UAW v.
Gen. Motors Corp., 104 S.W.3d 126, 129 (Tex. App.—Fort Worth 2003, no pet.)
(citing Port Arthur ISD v. Port Arthur Teachers Ass’n, 990 S.W.2d 955,
958 (Tex. App.—Beaumont 1999, pet. denied)).  When the trial court rules
without determining questions of fact, a request for findings of fact and
conclusions of law is inappropriate.  Id.; see O’Donnell v. McDaniel,
914 S.W.2d 209, 210 (Tex. App.—Fort Worth 1995, writ denied) (stating that a dismissal
of a case without an evidentiary hearing does not constitute a case that has
been “tried” within the meaning of rule 296); see also Puri v. Mansukhani,
973 S.W.2d 701, 708 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (“The purpose
of Rule 296 is to give a party a right to findings of fact and conclusions of
law finally adjudicated after a conventional trial . . . .  In other cases,
findings and conclusions may be proper, but a party is not entitled to them.”).

          The trial court did not hold an evidentiary
hearing, and its decision to grant appellee’s motion to dismiss and enforce the
MSA was not based on the determination of any fact issue about which there was
conflicting evidence.  Instead, at most, it was based on the parties’ competing
interpretations of the principal evidence presented, the MSA, and on
appellant’s undisputed refusal to sign a document that complied with the MSA’s
language.

          Appellant contends that the trial court decided
a disputed fact issue of the parties’ intent in signing the MSA.  But intent in
entering a contract is only a fact issue where the contract is ambiguous, and
based on our reasoning above, we hold that the MSA was not ambiguous.  See
Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd., 940 S.W.2d 587, 589
(Tex. 1996); Doe, 283 S.W.3d at 459.

          For these reasons, we hold that the trial court
did not err by declining to file findings of fact and conclusions of law.  See
Tex. R. Civ. P. 296.  We overrule appellant’s second issue.

The trial court
correctly denied appellant’s motion to modify, reform, or correct the judgment

 

          In his third issue,
appellant argues that the trial court erred by denying his motion to modify,
reform, or correct the judgment.  That motion and the argument contained in the
body of appellant’s third issue recast the contentions that appellant made in
his first issue.  Therefore, for the same reasons that we overruled appellant’s
first issue, we overrule his third issue.  See Neasbitt, 105 S.W.3d at
118–19.

Conclusion

          Having overruled each of appellant’s issues, we
affirm the trial court’s judgment.    

 

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MCCOY and GABRIEL, JJ.

 

DELIVERED:  July 21, 2011









[1]See Tex. R. App. P. 47.4.





[2]In January 2008, appellee
obtained a no-answer default judgment against appellant for $970,097.98 plus
postjudgment interest.  Appellant then filed an answer, which contained
affirmative defenses, and a motion for new trial.  Although appellee opposed
the motion for new trial, the trial court granted it and vacated the default
judgment.





[3]See Tex. Bus. &
Com. Code Ann. §§ 17.41–.63 (West 2011).





[4]It appears that the
parties used a pre-formatted agreement, and the text following the second term
is crossed out and contains blanks that were never completed.





[5]Appellant states in his
brief, “[Appellee] drafted, but [appellant] did not sign, the proposed formal
settlement document.”  In the motion to dismiss, appellee alleged that it
settled its breach of contract claim with appellant because appellant had
threatened to leave the country or file for bankruptcy, “leaving a minimal
chance of being able to collect any money from [appellant] after a money judgment
had been obtained.”





[6]In the motion to dismiss,
appellee argued, “In essence, [appellant] wants to pursue a claim against a
potential agent of [appellee’s] . . . while, at the same time, foreclosing
[appellee’s] opportunity to collect unpaid rent from him.  Such is an absurd
position to take . . . .”





[7]In Neasbitt, we
explained,

          “A pleading is an original or
amended petition or answer, which may also include or constitute a response,
plea, or motion.”  “When a party has mistakenly designated any plea or pleading,
the court, if justice so requires, shall treat the plea or pleading as if it
had been properly designated.”  When determining the nature of a filing with
the court, the contents of the filing govern over the title of the document. 
“[T]he purpose of pleadings is to give the adversary parties notice of
each [party’s] claims and defenses, as well as notice of the relief sought.”

105 S.W.3d at 117 (citations and
footnotes omitted).





[8]Appellant seems to argue
that he was deprived of the right to assert defenses and conduct discovery. 
But appellant did not respond to appellee’s motion to dismiss in any respect
and therefore did not make the trial court aware of his desire to assert
defenses or conduct discovery.  He therefore waived any argument pertaining to
his lack of an opportunity to prepare a defense.  See Tex. R. App. P.
33.1(a); Neasbitt, 105 S.W.3d at 118.





[9]Appellee stated in the
motion, “As agreed in the [MSA], it is now time to put to rest all claims,
either asserted or unasserted, that could have been joined in this lawsuit . .
. .”





[10]Appellant does not
dispute that he could have sued appellee’s real estate broker in the same suit
in which he brought claims against appellee.  Texas Rule of Civil Procedure
40(a) provides, “All persons may be joined in one action as defendants if there
is asserted against them jointly, severally, or in the alternative any right to
relief in respect of or arising out of the same transaction, occurrence, or
series of transactions or occurrences . . . .”  Tex. R. Civ. P. 40(a).