INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AGRICULTURAL IMPLEMENT WORKERS OF AMERICA–UAW, UAW Local 276, Deborah L. Bright, Franklin A. Fernandez, et al., Appellants,

v.

GENERAL MOTORS CORPORATION and Texas Workforce Commission, Appellees.

No. 2–02–027–CV.

Court of Appeals of Texas, Fort Worth.

March 6, 2003.

Tillery & Tillery, and Dale B.Tillery, Dallas, for Appellants.

Carr Flora P.C., and Mark R. Flora, El Paso, for General Motors Corporation.

John Cornyn, Atty. Gen. of Texas, Howard G. Baldwin, Jr., First Asst. A.G., Jeffrey S. Boyd, Deputy A.G. for Litigation, William E. Storie, Asst. A.G., Chief Taxation Div., and Anthony Aterno, Asst. A.G., Austin, for Texas Workforce Commission.

Panel A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

In this appeal, we must decide whether appellants' request for findings of fact and conclusions of law following judicial review of an administrative decision by the Texas Workforce Commission (TWC) based on agreed stipulations extended the deadline for perfecting appellants' appeal under appellate rule 26.1(a)(4). *See* Tex.R.App. P. 26.1(a)(4). Because we conclude that the request for findings of fact and conclusions of law did not extend the appellate timetable in this case, we will dismiss the appeal for want of jurisdiction.

On March 5, 1996, Local 696 of the International United Auto Workers Union (UAW), representing employees in the General Motors Delphi Chassis Plant in Dayton, Ohio, went on strike, stopping production of brake components. Thereafter, General Motors Corporation (GMC) sent home workers in its various automotive assembly plants, including the Arlington and Fairfax facilities, because of the unavailability of brake parts normally manufactured at the Delphi plant. The Arlington and Fairfax workers applied for unemployment benefits in Texas. A TWC appeal tribunal determined that the workers were disqualified from receiving unemployment benefits under section 207.048 of the Texas Labor Code because their union dues helped finance the labor dispute.

Tex. Lab.Code Ann. § 207.048 (Vernon 1996). Appellants appealed this decision to the TWC, which affirmed the appeal tribunal's decision.

Appellants appealed the TWC's decision to the trial court. The trial court concluded that the TWC's decision was supported by substantial evidence and rendered judgment affirming it. The trial court rendered judgment on November 5, 2001, and appellants requested findings of fact and conclusions of law on November 26, 2001. The trial court never filed findings of fact or conclusions of law in response to appellants' request. On January 24, 2002, appellants filed their notice of appeal.

GMC has moved to dismiss this appeal for want of jurisdiction. Appellants have not responded to the motion. Generally, under the rules of appellate procedure, a notice of appeal must be filed within thirty days after the judgment is signed. Tex. R.App. P. 26.1(a). If findings and conclusions are required or proper, a request for them extends the appellate deadline to ninety days after the judgment is signed. *Id.*

GMC contends that findings of fact and conclusions of law cannot properly be considered in this appeal because the case was submitted to the trial court based on agreed stipulations. Thus, GMC contends that appellants' request for findings of fact and conclusions of law did not extend the appellate deadline past thirty days after the trial court signed the judgment. Because appellants did not file their notice of appeal until eighty days after the judgment was signed, GMC contends that the appeal is untimely and that we lack jurisdiction over it.

A request for findings of fact and conclusions of law does not extend the time for perfecting an appeal from a judgment rendered as a matter of law, where the

findings and conclusions can have no purpose and should not be requested, made, or considered on appeal. *IKB Indus. Ltd. v. Pro–Line Corp.,* 938 S.W.2d 440, 443 (Tex.1997). Findings and conclusions are appropriate if there is an evidentiary hearing and the trial court is called upon to determine questions of fact based on conflicting evidence. *Port Arthur ISD v. Port Arthur Teachers Ass'n,* 990 S.W.2d 955, 958 (Tex.App.-Beaumont 1999, pet. denied). Where the trial court rules without determining questions of fact, however, requests for findings of fact and conclusions of law are neither appropriate nor effective for extending appellate deadlines. *WISD Taxpayers Ass'n v. Waco ISD,* 912 S.W.2d 392, 394 (Tex.App.-Waco 1995, no writ); *Chavez v. Housing Auth.,* 897 S.W.2d 523, 525 (Tex.App.-El Paso 1995, writ denied) (op. on reh'g), *cert. denied,* 517 U.S. 1188, 116 S.Ct. 1674, 134 L.Ed.2d 778 (1996).

■ Judicial review of a TWC decision is by trial de novo. TEX. LAB.CODE ANN. § 212.202. The trial court must determine whether there is substantial evidence to support the TWC's ruling. *Mercer v. Ross,* 701 S.W.2d 830, 831 (Tex.1986). This issue is strictly one of law; the administrative agency is the primary fact-finding body. *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex.1984). Nonetheless, the trial court makes its substantial evidence determination based on the evidence admitted at the trial de novo, not on the record created by the administrative agency. *Mercer,* 701 S.W.2d at 831.

■ In this case, the parties submitted the entire case to the trial court on agreed stipulations. They stipulated that the TWC appeal tribunal's findings of fact were the undisputed facts concerning the GMC employees' claims for unemployment benefits. They also stipulated the facts concerning how the GMC employees' union

dues were collected and appropriated and that only the Local 696 union members employed at the Dayton, Ohio facilities actually formed picket lines and received strike benefits from the UAW. These agreed stipulations were not signed and certified by the trial court as required by the Texas Rules of Civil Procedure. *See* TEX.R. CIV. P. 263. But where, as here, the record shows that the trial court decided the case based solely on the stipulated facts, we may treat the case as involving an agreed statement of facts. *Port Arthur ISD,* 990 S.W.2d at 957–58; *State Farm Lloyds v. Kessler,* 932 S.W.2d 732, 735 (Tex.App.-Fort Worth 1996, writ denied).

■ When a case is tried to the court on an agreed statement of facts, the trial court is not called upon to resolve any disputed factual matters, and no evidentiary hearing is required. Instead, the trial court simply renders judgment as a matter of law, based upon the agreed facts. *See Stewart v. Hardie,* 978 S.W.2d 203, 206 (Tex.App.-Fort Worth 1998, pet. denied) (op. on reh'g); *State Farm Lloyds,* 932 S.W.2d at 735; *Harris County Appraisal Dist. v. Transam. Container Leasing Inc.,* 920 S.W.2d 678, 680 (Tex.App.-Houston [1st Dist.] 1995, writ denied) (all holding that sole issue on appeal from trial on agreed facts is whether trial court properly applied the law to the agreed facts). Consequently, findings of fact and conclusions of law have no place in the trial of an agreed case. *Port Arthur ISD,* 990 S.W.2d at 957; *Perry v. Aetna Life Ins. Co.,* 380 S.W.2d 868, 875 (Tex.Civ.App.-Tyler 1964, writ ref'd n.r.e.). *But see Davis v. State,* 904 S.W.2d 946, 950–51 (Tex.App.-Austin 1995, no writ) (holding that findings may be proper in rare instances where inferential findings beyond the agreed facts may be necessarily compelled by the facts as a matter of law).

■ In this case, the trial court did not hold an evidentiary hearing, but simply

rendered judgment based on "the briefs and exhibits, as previously agreed by the parties." Where judgment is rendered without an evidentiary hearing, findings of fact and conclusions of law have no purpose, should not be considered on appeal, and do not extend the thirty-day deadline for perfecting the appeal. *IKB Indus.,* 938 S.W.2d at 443; *see also Ford ex rel. Williams v. City of Lubbock,* 76 S.W.3d 795, 797–98 (Tex.App.-Amarillo 2002, no pet.) (holding that request for findings of fact and conclusions of law did not extend appellate deadline where appellee did not contest appellant's statement of facts pertinent to jurisdiction, and trial court apparently accepted appellant's statement of facts as true and granted plea to jurisdiction as a matter of law without holding an evidentiary hearing); *Foster v. Williams,* 74 S.W.3d 200, 204 (Tex.App.-Texarkana 2002, pet. denied) (holding that request for findings and conclusions did not extend appellate timetable where trial court determined from parties' pleadings, after argument, but without hearing any evidence, that appellant's claim was barred by limitations). Accordingly, we hold that appellants' request for findings of fact and conclusions of law did not extend the deadline for perfecting their appeal. Because appellants did not appeal until eighty days after the judgment was signed, the appeal is untimely, and we lack jurisdiction over it. We therefore grant GMC's motion to dismiss and dismiss the appeal for want of jurisdiction.[1]

---

1. In light of our conclusion, we do not consider whether a request for findings of fact and conclusions of law extends the appellate deadline in a substantial evidence review case that is not presented to the trial court based on agreed facts. *See, e.g., Wylie ISD v. Cent.*

*Educ. Agency,* 488 S.W.2d 166, 168 (Tex.Civ. App.-Austin 1972, writ ref'd n.r.e.) (holding that trial court correctly refused to make fact findings after judicial review of administrative agency decision because only questions of law were presented).