Dismissed and Memorandum Opinion filed June 22, 2006









Dismissed and Memorandum Opinion filed June 22, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00627-CV

____________

 

CHRISTINE M.
SAMPSON, GUARDIAN OF THE ESTATE OF SIDNEY EVERETT LANDRUM, AN INCAPACITATED
PERSON,
Appellant

 

V.

 

STONE STREET
SERVICES, INC.,
Appellee

 



 

On Appeal from the Probate
Court No. 1

Harris County, Texas

Trial Court Cause No. 326571-401

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an agreed
judgment signed April 4, 2005.  The
parties compromised and settled their dispute, but were unable to agree on
attorney=s fees.  The trial court, without hearing conflicting
evidence, decided the amount of attorney=s fees to be paid
to the guardian and her counsel.  No
post-judgment motion, other than a request for findings of fact and conclusions
of law, was filed.  Appellant=s notice of appeal
was filed June 8, 2005.








The notice of appeal must be filed within
thirty days after the judgment is signed when appellant has not filed a timely
motion for new trial, or other post-judgment motion that extends appellate
deadlines.  Tex. R. App. P. 26.1. 
Although appellant filed a request for findings of fact and conclusions
of law, a request for findings and conclusions does not extend appellate
deadlines where findings and conclusions have no purpose and should not be
requested, made, or considered on appeal. 
IKB Industries (Nigeria) Ltd. v. Pro-Line Corp., 938 S.W.2d 440,
443 (Tex. 1997).

On April 13, 2006, notification was
transmitted to all parties of the court=s intent to
dismiss the appeal for want of jurisdiction. 
See Tex. R. App. P. 42.3(a).  On April 17, 2006, appellant filed a response
to the notification.  Appellant contends
that because the trial court ruled on the issue of attorney=s fees, findings
and conclusions are appropriate and the court erred in not filing them.  Findings of fact and conclusions of law are appropriate
following an evidentiary hearing if the trial court is called upon to determine
questions of fact based on conflicting evidence.  Int=l Union v. General Motors Corp., 104 S.W.3d 126, 128B29 (Tex. App.CFort Worth 2003, no pet.)  In this case, the trial court decided the
amount of attorney=s fees based on the fee statement of appellant=s attorney.  The trial court did not hear conflicting
evidence; therefore, findings and conclusions would have no purpose and should
not be made or considered on appeal.

Because the request for findings and conclusions did not
extend the appellate timetable, appellant=s notice of appeal was not filed
timely.  A motion for extension of time
is necessarily implied when an appellant, acting in good faith, files a notice
of appeal beyond the time permitted by rule 26.1, but within the fifteen-day
grace period provided by rule 26.3 for filing a motion for extension of
time.  See Verburgt v. Dorner, 959
S.W.2d 615, 617B18 (Tex. 1997). 
Appellant=s notice of appeal was not filed within the fifteen-day grace
period.  Accordingly, the appeal is
ordered dismissed.

Motion for
Sanctions

Appellee filed a motion for sanctions in which it seeks
sanctions against appellant under Rule 45 of the Texas Rules of Appellate
Procedure for the filing of a frivolous appeal. 
Appellee seeks sanctions on the grounds that appellant (1) appealed from
an agreed judgment, which settled all matters of controversy, (2) raised new
issues in a reply brief, and (3) poorly briefed the issues before this
court.  

Although the decision to grant sanctions is a matter of
discretion, we exercise that discretion with prudence, caution, and only after
careful deliberation.  Casteel-Diebolt
v. Diebolt, 912 S.W.2d 302, 206 (Tex. App.CHouston [14th Dist.] 1995, no
writ).  Where an appellant=s argument on appeal fails to
convince the court, but has a reasonable basis in law and constitutes an
informed challenge to the trial court=s judgment, sanctions are not
appropriate.  Chapman v. Hootman,
999 S.W.2d 118, 124 (Tex. App.CHouston [14th Dist.] 1999, no pet.).  In determining whether sanctions are
appropriate, we consider the record from the appellant=s point of view at the time the
appeal was filed and consider whether the appellant had a reasonable expectation
of reversal.  Smith v. Brown, 51
S.W.3d 376, 381 (Tex. App.CHouston [1st Dist.] 2001, pet. denied).  We may only impose sanctions in circumstances
that are truly egregious.  Angelou v.
African Overseas Union, 33 S.W.3d 269, 282 (Tex. App.CHouston [14th Dist.] 2000, no
pet.).  Although appellant attempted to
appeal an agreed judgment, filed new issues in a reply brief, and poorly
briefed the issues, after considering the record and the briefs, we do not
believe the circumstances in this case warrant sanctions.  Appellee=s motion for sanctions is denied.

 

 

 

/s/        Wanda McKee Fowler

Justice

 

 

Judgment rendered
and Memorandum Opinion filed June 22, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.