**Opinion issued April 17, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00058-CV

_____

**EZY-LIFT OF CALIFORNIA, INC. AND EAGLE ELECTRONICS, INC.,
Appellants**

**V.**

**EZY ACQUISITION, LLC D/B/A EZY LIFT, Appellee**

---

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2010-70596**

---

### MEMORANDUM OPINION

Ezy-Lift of California, Inc. (Ezy-Lift) and Eagle Electronics, Inc. (Eagle)

appeal from the trial court's judgment. EZY Acquisition, LLC d/b/a EZY Lift

(Acquisition) has moved to dismiss the appeal on the ground that the Court lacks

jurisdiction because Ezy-Lift and Eagle's notice of appeal was untimely. Ezy-Lift and Eagle respond that their request for findings of fact and conclusions of law extended the deadline for filing their notice of appeal, thereby making their notice of appeal timely. On September 17, 2013, we dismissed the appeal for want of jurisdiction. On October 2, 2013, Ezy-Lift and Eagle filed a motion for rehearing. We deny the motion for rehearing, but withdraw our opinion and judgment of September 17, 2013, and issue this opinion in its stead. Accordingly, we deny as moot Ezy-Lift and Eagle's motion for reconsideration en banc.[1] We dismiss the appeal for want of jurisdiction.

## Background

Acquisition filed suit against Eagle, alleging breach of contract for violating the terms of a distribution agreement, and sought a declaratory judgment that the distribution agreement was terminated. Ezy-Lift intervened, alleging that Eagle assigned its rights under the distribution agreement to Ezy-Lift with Acquisition's consent. Ezy-Lift also filed a counterclaim against Acquisition, alleging breach of contract, breach of an implied duty of good faith and fair dealing, and fraudulent inducement, and sought a declaratory judgment against Acquisition. Ezy-Lift further sought reimbursement of its attorney's fees. After Ezy-Lift's intervention, Acquisition filed an amended petition, naming both Eagle and Ezy-Lift as

---

[1] *See Hartrick v. Great Am. Lloyds Ins. Co.*, 62 S.W.3d 270, 272 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

defendants, alleging claims for breach of contract and tortious interference with contracts and business relations, and sought a declaratory judgment that the distribution agreement was terminated.

The case proceeded to a jury trial. During the trial, the parties stipulated that (1) the reasonable and necessary amount of attorney's fees for either party would be $200,000, should any be awarded, and (2) Ezy-Lift was entitled to damages of $46,040 against Acquisition, to be added to any damages the jury awarded to Ezy-Lift or subtracted from any damages awarded to Acquisition. At the conclusion of the trial, Acquisition asked the jury for approximately $105,000 in damages and Ezy-Lift and Eagle argued for approximately $350,000 in damages.

The jury found that Eagle did not breach the distribution agreement, that Ezy-Lift and Acquisition did breach the agreement, that Ezy-Lift breached the agreement before Acquisition, that no party suffered any damages as a result of any breach, and that both Ezy-Lift and Acquisition waived compliance with the agreement. The jury awarded $0 in damages to all parties.

On November 28, 2012, the trial court entered a final judgment, declaring the distribution agreement "terminated, void, and of no further effect," awarding judgment in favor of Ezy-Lift and against Acquisition in an amount of $46,040, and awarding pre-judgment interest on the $46,040. The trial court did not award attorney's fees to any party.

Ezy-Lift and Eagle filed a request for findings of fact and conclusions of law "as to the court-decided issues in the case" on December 11, 2012. Ezy-Lift and Eagle filed a notice of appeal on January 15, 2013, forty-eight days after the final judgment.

## Jurisdiction

Acquisition contends that we lack jurisdiction over this appeal because Ezy-Lift and Eagle did not timely file their notice of appeal. Acquisition further argues that Ezy-Lift and Eagle's request for findings of fact and conclusions of law did not extend the deadline for filing a notice of appeal because findings of fact and conclusions of law are not proper after a jury trial. Ezy-Lift and Eagle respond that their request for findings of fact and conclusions of law was proper and did extend the deadline for filing a notice of appeal because they requested findings of fact in relation to the attorney's fee issue that was tried to the bench, not to the jury. *See* TEX. R. APP. P. 26.1(a).

### 1. *An appellant must timely file a notice of appeal to confer appellate jurisdiction*

Generally, a party wishing to appeal a judgment must file a notice of appeal within 30 days after the judgment is signed. *See* TEX. R. APP. P. 26.1. In certain circumstances, the Rules of Civil Procedure extend the deadline to file a notice of appeal to 90 days after the date the judgment is signed. TEX. R. APP. P. 26.1(a). The deadline extends if any party timely files a motion for new trial, motion to

4

modify the judgment, motion to reinstate, or, if findings of fact and conclusions of law are required by the Rules of Civil Procedure or could properly be considered by the appellate court, a request for findings of fact and conclusions of law. *See id.* A party may also obtain additional time to file a notice of appeal if, within 15 days after the deadline to file the notice of appeal, the party properly files a motion for extension. TEX. R. APP. P. 10.5(b), 26.3. Courts imply a motion for extension of time when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

The record reflects that the trial court signed the final judgment on November 28, 2012, which made the deadline for filing a notice of appeal December 28, 2012, or January 14, 2013 with a 15-day extension,[2] unless Ezy-Lift and Eagle obtained an extension under Rule 26.1(a). *See* TEX. R. APP. P. 4.1(a), 26.1, 26.3; *Verburgt*, 959 S.W.2d at 617. Ezy-Lift and Eagle timely filed a request for findings of fact and conclusions of law on December 11, 2012. *See* TEX. R. CIV. P. 296. They did not file a motion for new trial, motion for extension of time, motion to modify the judgment, or motion to reinstate.

---

[2]     Rule of Appellate Procedure 4.1(a) further extended the 15-day extension period from Saturday, January 12, 2013 to Monday, January 14, 2013. *See* TEX. R. APP. P. 4.1(a), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Ezy-Lift and Eagle filed their notice of appeal on January 15, 2013. Because they did not file within the 15-day extension period, their appeal was timely only if their requested findings of fact and conclusions of law either were required by the Rules of Civil Procedure or could be considered by this Court on appeal. *See* TEX. R. APP. P. 26.1(a)(4), 26.3. However, if the requested findings met neither of these conditions, the notice of appeal was untimely, and we have no jurisdiction over this appeal. *See* TEX. R. APP. P. 4.1(a), 25.1, 26.1, 26.3; *Verburgt*, 959 S.W.2d at 617; *see also* TEX. R. APP. P. 2 (prohibiting appellate courts from suspending rules to alter time to perfect appeal in civil case).

### 2. *Findings of fact and conclusions of law were not proper*

Parties generally may not obtain findings of fact and conclusions of law after a jury trial. *See* TEX. R. CIV. P. 296; *Roberts v. Roberts*, 999 S.W.2d 424, 433 (Tex. App.—El Paso 1999, no pet.); *John G. & Stella Kenedy Mem'l Found. v. Dewhurst*, 994 S.W.2d 285, 308 (Tex. App.—Austin 1999), *rev'd on other grounds*, 90 S.W.3d 268 (Tex. 2002); *Rathmell v. Morrison*, 732 S.W.2d 6, 16–17 (Tex. App.—Houston [14th Dist.] 1987, no writ). Parties may be able to obtain findings, however, if fact issues were submitted to the trial court for determination without submission to the jury or if the trial court's judgment substantially differs from or exceeds the scope of the jury's verdict. *See Roberts*, 999 S.W.2d at 433; *Heafner & Assocs. v. Koecher*, 851 S.W.2d 309, 313 (Tex. App.—Houston [1st

Dist.] 1992, writ denied); *see also Operation Rescue-Nat'l v. Planned Parenthood of Hous. & Se. Tex., Inc.*, 937 S.W.2d 60, 82 (Tex. App.—Houston [14th Dist.] 1996) ("When part of a cause is decided by a jury and part by the court, the party appealing the court-decided issue should request findings of fact and conclusions of law."), *aff'd as modified*, 975 S.W.2d 546 (Tex. 1998).

Nevertheless, a request for findings of fact and conclusions of law does not always extend the appellate deadlines when the parties have tried a case, or a portion of a case, to the court. As the Supreme Court of Texas has explained,

> A request for findings of fact and conclusions of law does not extend the time for perfecting appeal of a judgment rendered as a matter of law, where findings and conclusions can have no purpose and should not be requested, made, or considered on appeal. Examples are summary judgment, judgment after directed verdict, judgment non obstante veredicto, default judgment awarding liquidated damages, dismissal for want of prosecution without an evidentiary hearing, dismissal for want of jurisdiction without an evidentiary hearing, dismissal based on the pleadings or special exceptions, and any judgment rendered without an evidentiary hearing. A timely filed request for findings of fact and conclusions of law extends the time for perfecting appeal when findings and conclusions are required by Rule 296, or when they are not required by Rule 296 but are not without purpose—that is, they could properly be considered by the appellate court. Examples are judgment after a conventional trial before the court, default judgment on a claim for unliquidated damages, judgment rendered as sanctions, and any judgment based in any part on an evidentiary hearing.

*IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997). "Findings and conclusions are appropriate if there is an evidentiary hearing and the trial court is called upon to determine questions of fact based on conflicting

7

evidence." *Int'l Union, United Auto., Aerospace Agric. Implement Workers of Am.-UAW v. Gen. Motors Corp.*, 104 S.W.3d 126, 129 (Tex. App.—Fort Worth 2003, no pet.); *see Port Arthur Indep. Sch. Dist. v. Port Arthur Teachers Ass'n*, 990 S.W.2d 955, 958 (Tex. App.—Beaumont 1999, pet. denied).

When the trial court does not need to determine questions of fact, requests for findings of fact and conclusions of law are not appropriate and are not effective for extending appellate deadlines. *Gen. Motors Corp.*, 104 S.W.3d at 129; *Port Arthur Indep. Sch. Dist.*, 990 S.W.2d at 958. Similarly, when the trial court decides a case based on stipulated facts, the trial court does not resolve disputed factual matters, and no evidentiary hearing is required. *See Gen. Motors Corp.*, 104 S.W.3d at 129; *Port Arthur Indep. Sch. Dist.*, 990 S.W.2d at 957–58; *see also Markel Ins. Co. v. Muzyka*, 293 S.W.3d 380, 384 (Tex. App.—Fort Worth 2009, no pet.). "Consequently, in a case submitted on an agreed statement of facts pursuant to Rule 263, we disregard any findings of fact made by the trial court." *Muzyka*, 293 S.W.3d at 384.

As the appealing parties, Ezy-Lift and Eagle have the burden to ensure presentation of a sufficient record on appeal to support their contention that the parties tried some issues to the court and not to the jury. *See Enter. Leasing Co. of Hous. v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004); *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex. 1968); *see also* TEX. R. APP. P. 34.6(b)(1) (requiring

appellant to request reporter's record and designate proceedings to be included), 35.3(b)(2) (requiring appellant to request preparation of reporter's record before reporter is obligated to prepare or file record in appellate court). This Court has no duty to search a voluminous record to determine whether Ezy-Lift and Eagle are correct that an issue was determined by the trial judge; Ezy-Lift and Eagle must provide references to the record to demonstrate either that the parties tried some issues to the bench, rather than to the jury, or that the judgment substantially differed from or exceeded the jury's verdict. *See Flume v. State Bar of Tex.*, 974 S.W.2d 55, 62 (Tex. App.—San Antonio 1998, no pet.); *Casteel-Diebolt v. Diebolt*, 912 S.W.2d 302, 305 (Tex. App.—Houston [14th Dist.] 1995, no writ).

In their response to Acquisition's motion to dismiss, Ezy-Lift and Eagle do not contend that the trial court held an evidentiary hearing nor do they provide any citations to the record showing that the trial court was requested by either party to resolve a disputed factual matter. Likewise, Ezy-Lift and Eagle fail to identify any issues of fact resolved by the trial court.[3]

---

[3] In their motion for rehearing, Ezy-Lift and Eagle contend that "Acquisition presented new evidence to the trial court [in its motion for entry of judgment] to support its position on the Appellants' rights to attorneys' fees" and that Acquisition argued to the trial court "that these facts demonstrated Appellants should not recover *any* attorneys' fees or prejudgment interest." As an initial matter, unlike a dispute on the amount of attorney's fees, the question of entitlement to attorney's fees and pre-judgment interest is a legal question that would not require the trial court to resolve a disputed factual matter. In support of their argument, Ezy-Lift and Eagle rely on Acquisition's motion for entry of judgment, but they do not show that the trial court held an evidentiary hearing on

9

Moreover, none of the issues Ezy-Lift and Eagle argue were decided by the trial court—the parties' declaratory judgment claims, the date for accrual of pre-judgment interest on the $46,040 damages award to Ezy-Lift, and the issue of entitlement to attorney's fees—involved a determination of fact based on conflicting evidence. Although the trial court declared that the agreement between the parties was terminated, the declaration was a direct result of the jury's finding that both Ezy-Lift and Acquisition waived compliance with the agreement. With no party bound to perform under it, the agreement was effectively terminated. Thus, the entry of the declaratory judgment did not require resolution of any fact questions based on conflicting evidence, but only application of the law to the jury's factual findings.

The amount and reasonableness of attorney's fees are questions of fact, but the parties are "free to stipulate to the amount and reasonableness of attorney's fees." *Left Gate Prop. Holdings, Inc. v. Scott*, No. 01–10–00334–CV, 2011 WL 1326237, at *8, *10 (Tex. App.—Houston [1st Dist.] Apr. 7, 2011, pet. denied) (mem. op.); *see Gleason Design Grp. v. Merit Inv. Partners, L.P.*, No. 05–96–

that motion. And the documents attached by Acquisition to the motion for entry of judgment provide no evidence related to the amount of attorneys' fees and could not be relied upon by the trial court to ignore the parties' stipulation related to attorneys' fees even if they were relevant to that issue. *See Morgan v. Ebby Halliday Real Estate, Inc.*, 873 S.W.2d 385, 390 (Tex. App.—Fort Worth 1993, no writ) (parties' stipulation as to attorney's fees is binding on trial court, which may only apply law to stipulated facts). In summary, Ezy-Lift and Eagle fail to show that the trial court held an evidentiary hearing or otherwise determined any question of fact based on conflicting evidence.

00157–CV, 1997 WL 438771, at *1 (Tex. App.—Dallas Aug. 6, 1997, no writ); *Morgan v. Ebby Halliday Real Estate, Inc.*, 873 S.W.2d 385, 390 (Tex. App—Fort Worth 1993, no writ). Here, the parties stipulated that the amount of attorney's fees "that the proof would show if [the parties] were to offer the testimony [is] $200,000 per side." The trial court clarified that "the stipulation is that if there is an entitlement to recovery of attorney's fees by either [side] that would be the necessary amount," to which the parties concurred.[4] Stipulations conclusively resolve the facts stipulated and all matters necessarily included therein and bind the court. *See Scott*, 2011 WL 1326237, at *8, *10; *Gleason Design Grp.*, 1997 WL 438771, at *2; *Morgan*, 873 S.W.2d at 390. Therefore, given the parties' stipulations, the only remaining question on attorney's fees was a legal one: was either of the parties entitled to the recovery of their attorney's fees?[5] *See Ridge Oil*

---

[4]     Although the stipulation stated only that the amount was "necessary," it is clear from the record that the parties and the trial court understood the stipulation to control the amount of attorney's fees, including the issues of reasonableness and necessity. *See Left Gate Prop. Holdings, Inc. v. Scott*, No. 01-10-00334-CV, 2011 WL 1326237, at *8–10 (Tex. App.—Houston [1st Dist.] Apr. 7, 2011, pet. denied) (mem. op.). Further, Ezy-Lift concedes this point in its brief, stating that "the parties stipulated that if either party proved entitlement to attorneys' fees, a reasonable and necessary amount would be $200,000" and again that "the parties stipulated that a reasonable and necessary attorneys' fees award would be $200,000." Ezy-Lift and Eagle also concede the point in their motion for rehearing.

[5]     Ezy-Lift states in its brief on the merits that we should review the trial court's decision regarding attorney's fees as a question of law, not of fact. Ezy-Lift argued: "Whether a party is entitled to attorneys' fees under Section 38.001 presents a question of law that this Court reviews *de novo*. The trial court erred as

11

*Co., Inc. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 161–62 (Tex. 2004); *Scott*, 2011 WL 1326237, at \*10; *Hot-Hed, Inc. v. Safehouse Habitats (Scot.), Ltd.*, 333 S.W.3d 719, 734 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *see also Morgan*, 873 S.W.2d at 390 ("Consequently, we are limited to reviewing only the correctness of the trial court's application of law to the stipulated facts.").

Finally, the accrual date for pre-judgment interest on the damages award did not require the trial court to resolve conflicting evidence because the evidence presented to the trial court did not conflict. The trial included testimony by Steven Bischoff, Acquisition's president, that Ezy-Lift did not request delivery of the products that formed the basis for the damages award until January 29, 2011.[6] The evidence also included the testimony of Clayton Isemann, Ezy-Lift's president and Eagle's vice-president, that he did not request delivery of the products until January 2011, and a letter from Mr. Isemann to Mr. Bischoff, dated January 29,

---

a matter of law by failing to recognize Ezy-Lift California as the prevailing party and failing to render judgment for the stipulated amount of attorney's fees." Ezy-Lift confirmed its position, stating, "When the only issue presented for review is one of statutory construction, involving purely legal determinations, the proper standard of review is *de novo*. . . . And this Court should reverse and render judgment because the only issue is a purely legal determination." And again, Ezy-Lift contended, "The trial court erred as a matter of law by failing to award Ezy-Lift California attorneys' fees in the amount of $200,000."

[6] Ezy-Lift placed an order for products from Acquisition on November 9, 2009. Although Ezy-Lift paid the total cost of approximately $91,000 at that time, it asked Acquisition to deliver only a portion of the order and to hold the remainder of the order until Ezy-Lift requested delivery of the remaining products. The paid-for-but-undelivered products have a value of $46,040.

2011, requesting delivery of the products. As a result, the uncontradicted evidence before the trial court was that the $46,040 in damages, which was the value of products paid for by Ezy-Lift but not delivered by Acquisition, accrued on January 29, 2011. Because there was no conflicting evidence, the trial court's award of pre-judgment interest from January 29, 2011 does not constitute a resolution of a disputed question of fact upon which the trial court could have entered findings of fact and conclusions of law. *See IKB Indus. (Nigeria) Ltd.*, 938 S.W.2d at 443; *Chavez v. Hous. Auth. of City of El Paso*, 897 S.W.2d 523, 525 (Tex. App.—El Paso 1995, writ denied).

Nor does the trial court's judgment substantially differ from or exceed the jury's verdict. In the judgment, the trial court declared the distribution agreement between Eagle and its assignee, Ezy-Lift, and Acquisition to be "terminated, void, and of no further effect" and ordered Acquisition to pay $46,040 in damages to Ezy-Lift. The first part of the judgment—the termination of the agreement—effectuates the jury's finding that both Ezy-Lift and Acquisition waived compliance with the agreement. The second part of the judgment, awarding $46,040 to Ezy-Lift, resulted from the jury's verdict of $0 in damages to all parties and the parties' stipulation that $46,040 in damages owed by Acquisition to Ezy-Lift should be added to any damages the jury awarded to Ezy-Lift. Therefore, the

13

trial court's judgment gave effect to the jury's verdict, as modified by the parties' stipulation, and did not exceed or differ from the verdict.

Thus, the trial court did not resolve any factual disputes, and we could not have considered on appeal any findings of fact or conclusions of law that it might have entered. Ezy-Lift and Eagle's request for findings of fact and conclusions of law therefore did not extend the deadline for filing their notice of appeal. TEX. R. APP. P. 26.1(a); *see* also TEX. R. CIV. P. 296; *IKB Indus. (Nigeria) Ltd.*, 938 S.W.2d at 443; *Dewhurst*, 994 S.W.2d at 308; *Rathmell*, 732 S.W.2d at 16–17.

### 3. *Improperly requested findings of fact do not extend the deadline for filing a notice of appeal*

In their motion for rehearing, Ezy-Lift and Eagle contend that a request for findings of fact and conclusions of law "extends the timetable to perfect appeals . . . where findings of fact and conclusions of law are not *always* inappropriate." They further contend that a party appealing a court-decided issue, even if tried wholly on stipulated facts, is entitled to findings of fact and conclusions of law. Ezy-Lift and Eagle conclude that, "[a]t a minimum, . . . the Court acquired jurisdiction to determine whether findings were appropriate, making the notice of appeal timely."

As support, Ezy-Lift and Eagle rely on *Davis v. State*, 904 S.W.2d 946 (Tex. App.—Austin 1995, no writ). In *Davis*, the court recognized the general rule that a trial court may not make any findings of fact in cases decided on agreed facts. *See*

14

*id.* at 950. The court acknowledged that, although fact findings are ordinarily "inappropriate in agreed cases, at times inferential findings beyond the agreed or stipulated facts may be necessarily compelled by the facts as a matter of law." *Id.* It held that because findings of fact "may be necessary in some rare instances" and "we cannot determine whether findings of fact and conclusions of law are necessary until we have jurisdiction over the cause," a request for findings of fact and conclusions of law "extends the timetable to perfect appeals in all agreed cases." *Id.* at 951.

We agree with the rationale in *Port Arthur Independent School District v. Port Arthur Teachers Association*, 990 S.W.2d 955 (Tex. App.—Beaumont 1999, pet. denied), and, like that court, disagree with the broad rule articulated in *Davis*. *See Port Arthur Indep. Sch. Dist.*, 990 S.W.2d at 957. In *Port Arthur*, the appeal arose from a case involving cross-motions for summary judgment on liability and a stipulation of facts on damages, such that the "case was tried to the court on agreed facts following partial summary judgment." *Id.* at 956–57. Because the "notice of appeal was timely filed only if the school district's request for findings of fact and conclusions of law extended the time for perfecting the appeal," the court's jurisdiction "depend[ed] on whether [the court could] consider findings of fact and conclusions of law in a trial on agreed facts." *Id.* The court disagreed with the *Davis* court: "If no disputed facts are actually presented to the trial court, the court

rules as a matter of law regardless of an unrealized potential conflict in the evidence." *Id.* at 957. "The distinction, easily discernable from the record, is between a judgment based all or in part on an evidentiary hearing and a judgment in which the trial court ruled as a matter of law." *Id.* The court held that findings of fact and conclusions of law are not appropriate in cases tried on stipulated facts, and therefore a request for findings of fact and conclusions of law in such a case does not extend the deadline for filing a notice of appeal. *Id.* at 957–58. Accordingly, the court dismissed the appeal for want of jurisdiction. *Id.* at 958.

We have previously held that "[f]indings of fact have no place in the trial of an agreed case." *City of Galveston v. Giles*, 902 S.W.2d 167, 170 n.2 (Tex. App.—Houston [1st Dist.] 1995, no writ); *see also Clean Serve, Inc. v. Kroger Co.*, No. 01–95–01372–CV, 1996 WL 475806, at *2 (Tex. App.—Houston [1st Dist.] Aug. 22, 1996, writ denied). "Once the parties stipulate to all the facts, the court may not make additional fact findings." *City of Galveston*, 902 S.W.2d at 170 n.2. In that event, "the appellate court should simply ignore the findings of fact." *Clean Serve*, 1996 WL 475806, at *2; *see also Muzyka*, 293 S.W.3d at 384 ("[I]n a case submitted on an agreed statement of facts . . . we disregard any findings of fact made by the trial court.").

Further, courts always have jurisdiction to determine their own subject matter jurisdiction. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 146 n.14 (Tex.

16

2012); *Hous. Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007). "The 'jurisdiction' to determine jurisdiction is the inherent authority of a court to decide whether documents filed with it invoke its jurisdiction." *Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998). "This differs from a court's jurisdiction to dispose of a case on the merits." *Id.* Thus, although we have jurisdiction to determine whether we have jurisdiction, once we determine that we do not, we may take no action other than to dismiss the appeal. *See In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005); *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996); *Slaton*, 981 S.W.2d at 210; *In re J.L.*, No 01–12–00464–CV, 2012 WL 6096486, at *1 (Tex. App.—Houston [1st Dist.] Dec. 7, 2012, no pet.).

Unlike documents that are timely filed in an incorrect cause number, an untimely-filed notice of appeal is not legally treated as a "bona fide attempt to invoke the appellate court jurisdiction," regardless of the appellant's subjective good faith. *Compare, e.g.*, *Blankenship v. Robins*, 878 S.W.2d 138, 139 (Tex. 1994) (motion for new trial and notice of appeal erroneously filed under severed cause number constituted "bona fide attempt" to invoke appellate court's jurisdiction); *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 417–18 (Tex. 1992) (timely notice of appeal filed with incorrect cause number constituted "bona fide attempt" to invoke appellate jurisdiction), *with, e.g.*, *In re K.A.F.*, 160 S.W.3d at 927–28 (motion for new trial was not "bona fide attempt" to invoke appellate

17

court's jurisdiction, nor did it operate to extend deadline for filing notice of appeal in accelerated appeal, and therefore affirming appellate court's dismissal of appeal for want of jurisdiction).  Ezy-Lift and Eagle have not identified any cases that have extended the "bona fide attempt" rule to cover improper requests for findings of fact and conclusions of law; on the contrary, Texas courts have refused to extend appellate deadlines in response to improper requests for findings of facts and conclusions of law.  *See, e.g., Cartwright v. Dep't of Family & Protective Servs.*, No. 01–05–00994–CV, 2006 WL 2772827, at *1 (Tex. App.—Houston [1st Dist.] Sept. 28, 2006, no pet.) (mem. op.) (request for findings of fact and conclusions of law made three months after trial court's order terminating parental rights was not "bona fide attempt" to invoke appellate jurisdiction); *Port Arthur Indep. Sch. Dist.*, 990 S.W.2d at 957–58 (holding that request for findings of fact and conclusions of law did not extend deadline for filing notice of appeal in case tried on stipulated facts); *Windon v. Alexander*, No. 01–99–00355–CV, 2000 WL 233012, at *1 (Tex. App.—Houston [1st Dist.] Mar. 2, 2000, no pet.) (finding that request for findings of fact and conclusions of law did not extend deadline for filing notice of appeal and dismissing appeal for want of jurisdiction when notice of appeal was untimely filed).

We recognize that Texas courts "have long favored a common sense application of our procedural rules that serves the purpose of the rules, rather than

a technical application that rigidly promotes form over substance." *Thota v. Young*, 366 S.W.3d 678, 690 (Tex. 2012). But Texas courts nevertheless consistently enforce the rules governing notices of appeal, which allow for a 15-day extension upon a party's motion.[7] TEX. R. APP. P. 26.3; *see also Chilkewitz v. Winter*, 25 S.W.3d 382–83 (Tex. App.—Fort Worth 2000, no pet.) (dismissing appeal filed within fifteen days after deadline for want of jurisdiction because appellant did not explain reason for needing extension). Under Rule 26.1 of the Texas Rules of Appellate Procedure, a request for findings of fact and conclusions of law extends the time for filing a notice of appeal, but only if the "findings and conclusions either are required . . . or . . . could properly be considered by the appellate court." TEX. R. APP. P. 26.1. Thus, the text of Rule 26.1 constrains us from considering the equities of permitting this belated notice of appeal.

Moreover, Texas Rule of Appellate Procedure 2 specifically prohibits us from suspending the operation of Rule 26 "to alter the time for perfecting an appeal in a civil case." TEX. R. APP. P. 2. Accordingly, without a timely-filed notice of appeal under Rule 26, we may not exercise jurisdiction over the merits of this appeal. *See* TEX. R. APP. P. 2 (prohibiting court from suspending rules to

---

[7] We likewise recognize that the notice of appeal here was only one day late. But that is legally irrelevant. *See Brown Mech. Servs., Inc., v. Mountbatten Sur. Co., Inc.*, 377 S.W.3d 40, 42 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (dismissing appeal when notice of appeal was one day late); *Stelzer v. Telserve Commc'n, Inc.*, No. 03–01–00699–CV, 2002 WL 99638, at *2 (Tex. App.—Austin Jan. 25, 2002, no pet.) (same).

extend deadline for filing notice of appeal in civil cases), 25.1(b) (requiring notice of appeal be filed to invoke appellate court jurisdiction), 26.1 (setting deadline for filing notice of appeal), 26.3 (authorizing extension of time to file notice of appeal if motion to extend is filed within 15 days of deadline).

## Conclusion

The trial court signed the final judgment on November 28, 2012. Ezy-Lift and Eagle's request for findings of fact and conclusions of law did not extend the deadline for filing a notice of appeal because the trial court did not resolve any disputed questions of fact, making a request for such findings improper. Therefore, the notice of appeal was due by December 28, 2012, or by January 14, 2013 with a 15-day extension. *See* TEX. R. APP. P. 4.1(a), 26.1, 26.3; *Verburgt*, 959 S.W.2d at 617. Ezy-Lift and Eagle untimely filed their notice of appeal on January 15, 2013. Without a timely-filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

We grant Acquisition's motion, dismiss the appeal for want of jurisdiction, and dismiss any other pending motions as moot. *See* TEX. R. APP. P. 42.3(a).


Harvey Brown
Justice

Panel consists of Justices Jennings, Brown, and Huddle.

20