

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00099-CV

RODNEY A. HURDSMAN                                              APPELLANT

V.

WISE COUNTY SHERIFF                                              APPELLEES
DEPUTIES: JAMES MAYO, CLINT
CADDELL, CHAD LANIER,
CHRISTOPHER HODGES, AND
HIGHTOWER; WISE COUNTY
JUDGES: MELTON CUDE AND
CRAIG JOHNSON; AND THE
COUNTY OF WISE, TEXAS

----------

### FROM THE 271ST DISTRICT COURT OF WISE COUNTY
### TRIAL COURT NO. CV16-05-424

----------

## MEMORANDUM OPINION[1]

----------

In his live pleading at the time that the trial court granted summary

judgment, pro se Appellant Rodney A. Hurdsman, an inmate, sued Appellees

---
[1]*See* Tex. R. App. P. 47.4.

Wise County, two Wise County judges—the Honorable Melton Cude, who presides over County Court at Law No. 1, and the Honorable Craig Johnson, a Justice of the Peace—and Wise County Sheriff's Deputies James Mayo, Clint Caddell, Chad Lanier, Christopher Hodges, and "Hightower" for "declaratory and injunctive relief, return of property, compensatory and punitive damages, as well as any attorney fees and other costs associated with this lawsuit," alleging violations of his state and federal constitutional rights as well as claims for conversion, malicious abuse of process, official oppression, negligence, conspiracy, retaliation—including harassment, intimidation, and threats—and false arrest. *See* U.S. Const. amends. I, IV, V, VI, VIII, XIV; 42 U.S.C.A. §§ 1983, 1986 (West 2012) (providing, under § 1983, for civil actions for deprivation of constitutional rights and, under § 1986, for civil actions for negligence in preventing § 1983 violations); Tex. Const. art. I, §§ 3, 3a, 8, 9, 17, 19, 27.[2]

---

[2]This appeal is not Hurdsman's first foray into pro se inmate litigation. *See, e.g.*, *Hurdsman v. White*, No. 15-1724, 2016 WL 5723987, at *2 (W.D. La. Sept. 30, 2016) (dismissing Hurdsman's petition in which he complained about his Williamson County criminal case because he had filed evidentiary motions in the pending criminal prosecution alleging the same constitutional violations with regard to property seized incident to his arrest), *appeal dism'd*, No. 16-31081, 2016 WL 10770799 (5th Cir. Dec. 19, 2016); *Hurdsman v. Cadell*, No. 4:15-CV-703-Y, 2015 WL 8262469, at *1–2 & n.1 (N.D. Tex. Dec. 9, 2015) (holding that Hurdsman could not proceed *in forma pauperis* because he had previously incurred more than three "strikes" under 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed *in forma pauperis* in a civil action if, on three or more occasions, he has had a case dismissed as frivolous or malicious or for failure to state a claim unless he is under imminent danger of serious physical injury), *appeal dism'd*, No. 15-11271 (5th Cir. Mar. 17, 2016); *Hurdsman v. Wackenhut*

2

The defendants moved for traditional summary judgment on their defenses of limitations, qualified immunity, and judicial immunity and as to Hurdsman's "illegal takings" and conversion claims on the basis that the property seizures had occurred with lawful authority and that Hurdsman had agreed to the subsequent property award.[3]  They moved for no-evidence summary judgment on the grounds that there was no evidence to show that any of the property was seized illegally, no evidence that Hurdsman was injured by any act of the defendants, and no evidence that the defendants violated any provision of the state or federal constitution.

In his summary judgment response, Hurdsman argued that the date of filing for his original petition should have been February 10, 2016, when he placed his original petition with the jail authorities at the Williamson County Correctional Facility.  Referencing the defendants' summary judgment evidence, Hurdsman also argued that the search warrants were tainted by information

---

*Corr. Corp.*, No. 99-51069, 218 F.3d 744, 2000 WL 821627, at *1–2 (5th Cir. June 1, 2000) (holding that the trial court did not abuse its discretion by declining to reopen the time to file an appeal of the dismissal without prejudice of Hurdsman's § 1983 action for failure to state a claim).

[3]To the motion, the county attached, among other items of evidence, copies of the warrants and the affidavits supporting their issuance, a handwritten letter of representation of Hurdsman by Ray Napolitan, an attorney in Jim Shaw's law office, a handwritten motion for continuance filed by Napolitan; the agreed judgments and court orders disposing of the property; Hurdsman's jail release report; and certified mail receipts and letters showing the county's attempts to notify Hurdsman, one of which was ultimately successful in giving notice to Napolitan on Hurdsman's behalf.

illegally obtained in violation of the federal and state constitutions and state statutes, that with the illegal information excised, the warrants lacked probable cause, and that the warrants did not describe the seized property with particularity. Hurdsman argued that he had never authorized Shaw to represent him and had never authorized or agreed to a stipulated agreed judgment and that the defendants were not immune "for their calculated, willful and flagrant violation of well[-]established Constitutional and statutory law."

To his response, Hurdsman attached documents supporting his use of the "prisoner mailbox rule," *see Ramos v. Richardson*, 228 S.W.3d 671, 673 (Tex. 2007),[4] two pages of a seventeen-page Wise County Sheriff's Office incident/offense report, and the agreed judgments and orders awarding various items of seized property.

In four issues, Hurdsman appeals the trial court's order that summary judgment for Appellees was "in all things GRANTED." In his first issue, Hurdsman correctly argues that summary judgment was inappropriate on the limitations ground.[5] *See id.* In his second and third issues, Hurdsman contends

---

[4]In *Ramos*, the supreme court stated that "an inmate who does everything necessary to satisfy timeliness requirements must not be penalized if the document is ultimately filed tardily because of an error on the part of officials over whom the inmate has no control." 228 S.W.3d at 673.

[5]Although the record does not contain their reply to Hurdsman's summary judgment response, Appellees respond that they waived their limitations defense in the trial court, and they attached a file-marked copy of their reply to their appellate brief. *But see Murphy v. Leveille*, No. 02-08-00130-CV, 2009 WL 2619857, at *2 n.3 (Tex. App.—Fort Worth Aug. 26, 2009, no pet.) (mem. op.)

4

that summary judgment was inappropriate on Appellees' lawful-warrant and agreed-judgment grounds because the search warrants were not lawful and the seizure of his property exceeded the warrants' scope and because he never authorized or consented to an agreed judgment.[6] In his final issue, Hurdsman argues that Appellees are not immune from suit because Appellees "knowingly and willfully violated the Fourth and Fourteenth" Amendments when they illegally searched his premises and seized his property with a warrant that they knew was

(stating that an appellate court must hear and determine a case "based on the record as filed and may not consider documents attached as exhibits to briefs").

As to his limitations argument, Hurdsman also complains that the trial judge did not allow the Wise County clerk to file his original petition until after the limitations period had expired on his claims and that the trial court granted summary judgment "without conducting an evidentiary hearing, and without making any findings of facts or conclusions of law." Nothing in the record supports Hurdsman's assertion that the trial judge interfered with the filing of his petition, and evidentiary hearings are not appropriate in the summary judgment context. *See* Tex. R. Civ. P. 166a(c) ("No oral testimony shall be received at the [summary judgment] hearing."); *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 296–97 (Tex. 2011) ("The purpose of a summary judgment is to 'provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine issue of [material] fact.'") (quoting *Gaines v. Hamman*, 358 S.W.2d 557, 563 (Tex. 1962)). Findings of fact and conclusions of law are only appropriate following an evidentiary hearing at which the trial court determines questions of fact based on conflicting evidence. *See Int'l Union v. General Motors Corp.*, 104 S.W.3d 126, 129 (Tex. App.—Fort Worth 2003, no pet.) (holding findings of fact and conclusions of law are appropriate following an evidentiary hearing if the trial court is called upon to determine questions of fact based on conflicting evidence but not when the trial court rules without determining questions of fact).

[6]Appellees respond that no evidence showed that the property seized by the Wise County Sheriff's Deputies was seized unlawfully and that Hurdsman cannot complain about seized property that was subsequently sold when he— through counsel—"agreed to award that property to the State/County."

5

invalid. He further argues that when he attempted to recover his personal property from the county at the impound yard, "he was subjected to an obscene and atrocious criminal act by one of the Appellees that was sexual in nature" and was retaliated against when he attempted to report that act to the proper authorities in the Wise County Sheriff's Office.

When, as here, the trial court's judgment rests upon more than one independent ground or defense, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made. *Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied). In his appellate brief, Hurdsman addressed Appellees' limitations and immunity-based affirmative defenses and Appellees' traditional summary judgment grounds that the property was seized under lawful authority and that Hurdsman consented to the disposal of the property in an agreed judgment, but he did not address Appellees' no-evidence grounds.[7]

Further, after an adequate time for discovery,[8] the party without the burden of proof may, without presenting evidence, move for summary judgment on the

---

[7]Accordingly, we could affirm the trial court's judgment simply because Hurdsman failed to challenge the no-evidence grounds. *See, e.g.*, *Leffler v. JP Morgan Chase Bank, N.A.*, 290 S.W.3d 384, 387 (Tex. App.—El Paso 2009, no pet.) ("Because the Appellant has failed to raise a challenge to the granting of the summary judgment on no-evidence grounds, this issue is waived on appeal, and we must affirm the summary judgment on those grounds.").

[8]Hurdsman does not argue that he did not have an adequate time for discovery. Appellees answered his petition on September 27, 2016, several months before they filed their February 3, 2017 motion for summary judgment.

ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the element or elements for which there is no evidence.[9] *See id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). Unless a procedural defect precludes the granting of a no-evidence motion for summary judgment, the trial court must[10] grant the no-evidence portion of a summary judgment motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact and points out such evidence to the trial court. *See Kutner v. Wells Fargo Bank, N.A.*, No. 02-14-00238-CV, 2015 WL 3523156, at *1 (Tex. App.—Fort Worth June 4, 2015, no pet.) (mem. op.); *Correa v. Citimortgage, Inc.*, No. 02-13-00019-CV, 2014 WL 3696101, at *2–3 (Tex. App.—Fort Worth July 24, 2014, no pet.) (mem. op.) (citing *Dyer v. Accredited Home Lenders, Inc.*, No. 02-11-00046-CV, 2012 WL 335858, at *3–5 (Tex. App.—Fort Worth Feb. 2, 2012, pet. denied) (mem.op.)). And when, as here, a party moves for summary judgment under both rules 166a(c) and 166a(i), we will first review the trial court's judgment under rule 166a(i)'s standards. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the appellant failed to

---

[9]At the conclusion of Appellees' motion for summary judgment, Appellees expressly spelled out twelve grounds for summary judgment, three of which presented no-evidence grounds as to illegal seizure, constitutional violations, and "that Plaintiff was injured by any act of Defendants."

[10]*Cf.* Tex. R. Civ. P. 166a(i) cmt. (West 2014) ("The denial of a motion under paragraph (i) is no more reviewable by appeal or mandamus than the denial of a motion under paragraph (c).").

7

produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the appellees' summary judgment proof satisfied the rule 166a(c) burden. *Id.*

One of Appellees' summary judgment grounds was that there was no evidence that Hurdsman was injured by any of their acts. Damages are an essential element of a constitutional tort action brought under 42 U.S.C. § 1983 and any other tort action. *See generally* 42 U.S.C.A. § 1983 (providing that a person who acts under color of state law to deprive another of any rights, privileges, or immunities secured by federal law "shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress"); *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996) (op. on reh'g) (requiring proof of special damages, among other elements, to prevail in a suit alleging malicious prosecution of a civil claim); *Fix It Today, LLC v. Santander Consumer USA, Inc.*, No. 02-14-00191-CV, 2015 WL 2169301, at *2 (Tex. App.—Fort Worth May 7, 2015, no pet.) (mem. op.) (providing that damages are an essential element of a civil conspiracy claim); *Simpson v. Pinkston*, No. 02-05-00352-CV, 2007 WL 1501965, at *2 (Tex. App.—Fort Worth May 24, 2007, no pet.) (mem. op.) (stating that the measure of damages for conversion is the amount necessary to compensate the plaintiff for the actual losses or injuries sustained as a natural and proximate result of the defendant's conversion, which includes the fair market value of the property at the time and place of the conversion and compensation for loss of the use of the converted property).

While Hurdsman presented arguments in his summary judgment response and now on appeal that he was harmed, arguments are not evidence. *See Clayton v. Wisener*, 169 S.W.3d 682, 684 (Tex. App.—Tyler 2005, no pet.) ("Motions and arguments of counsel are not evidence."). Pleadings likewise do not constitute summary judgment evidence. *Wood v. Wells*, No. 02-11-00087-CV, 2011 WL 5515483, at *5 (Tex. App.—Fort Worth Nov. 10, 2011, no pet.) (mem. op. on reh'g) ("The focus of a no-evidence summary judgment is shifted from the pleadings to the actual evidence or proof to assess whether there is a genuine need for a trial.").

Most of the evidence that Hurdsman attached to his summary judgment response pertained to his limitations argument. The remaining evidence—two pages from a seventeen-page Wise County Sheriff's Office incident/offense report referencing a theft allegedly committed by Hurdsman and the agreed judgments and the orders awarding possession of seized property to the Wise County Sheriff's Department—do not demonstrate that Hurdsman suffered any damages because there is no evidence to show that Hurdsman had any ownership interests in the seized property or that the agreed judgments were not actually entered with Hurdsman's consent.

Accordingly, the trial court did not err by granting summary judgment on this no-evidence ground because Hurdsman brought forth no evidence to raise a genuine issue of material fact from which a reasonable juror could determine that he was actually damaged by Appellees' acts. *Cf.* Tex. Civ. Prac. & Rem. Code

9

Ann. § 132.001(a), (e) (West Supp. 2017) (providing for an unsworn declaration to be used in lieu of an affidavit required by a statute or rule and setting out the statutory requirements for an inmate's unsworn declaration); Tex. R. Civ. P. 166a(f) (stating, with regard to summary judgment evidence, that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."). We therefore overrule Hurdsman's issues as moot and affirm the trial court's judgment.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL: SUDDERTH, C.J.; MEIER and GABRIEL, JJ.

DELIVERED: June 21, 2018